RECEIVED
DEC 1 6 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TOTAL REBUILD INC | CIVIL ACTION NO. 6:15CV1172 |
| VERSUS | JUDGE DOHERTY |
| STREAMLINE HOSE & FITTINGS INC | MAGISTRATE JUDGE WHITEHURST |

### RULING

Currently pending before the Court is an objection [Doc. 45] to a Report and Recommendation [Doc. 40], filed by defendant Streamline Hose & Fittings Inc. ("Streamline"), whereby defendant objects to the Magistrate Judge's recommendation that defendant's second motion to dismiss [Doc. 25] plaintiff's claim of unfair trade practices be denied. For the following reasons, the objection is OVERRULED.

**I.    Background**

Plaintiff Total Rebuild Inc. ("Total") filed a Complaint and Application for Injunctive Relief on April 9, 2015 against Streamline, asserting a claim for patent infringement pursuant to 28 U.S.C. § 271, and a state law claim of unfair trade practices pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et seq. [Doc. 1] On June 22, 2015, defendant filed a motion to dismiss plaintiff's state law claim of unfair competition. [Doc. 13] On July 15, 2015, plaintiff filed a First Amended Complaint, supplementing its factual allegations in support of its LUTPA claim. [Doc. 23, ¶¶ 14, 17] With regard to plaintiff's claim of unfair competition, plaintiff's amended complaint sets forth the following allegations:

    12.    Streamline is a direct competitor of Total.

    13.    [Plaintiff] visited the Lafayette, LA location of Gulfstream Services Incorporated (hereafter "Gulfstream") for work on a prestigious project for Halliburton, Inc. A prestigious and high visibility project of which the involvement of Total would have (1) further enhanced the reputation of Total; and (2) produced several millions of dollars in net revenues for Total. Upon entering Gulfstream, Lavergne found the infringing unit of Streamline in plain sight and learned from Gulfstream that Defendants were using a high pressure safety system eerily familiar to that of Total's patented apparatus.

    14.    Upon information and belief this configuration is very similar if not identical to the high pressure safety system designed and built by Total. Particularly, Streamline's hydrostatic test bay system is identical in overall appearance, having an indistinguishable swirled external surface appearance identical to that of Total's safety system and containing a duplicate configuration to that of the high pressure safety system of Total including explosion proof safety housing, pneumatics, bleed valves, means of attachments, and control panel.
. . .

. . . .

    17.    As such, Defendants' conduct complained of herein is irreparably harming Total by, among other things, damaging Total reputation and causing Total to lose market share by employing an aesthetically identical safety system to trade upon the goodwill garnered by Total to cause confusion among Total's customers. The value of Total's reputation, goodwill and market share cannot be readily quantified, and therefore, money damages alone cannot make Total whole.

[Doc. 23, pp. 4-5 (footnotes omitted)]

On July 29, 2015, in response to the new allegations set forth in the amended complaint, defendant filed a second motion to dismiss plaintiff's LUTPA claim pursuant to Fed. R. Civ. P. 12(b)(6), asserting: (1) the LUTPA claim is preempted by federal patent law; and (2) plaintiff has failed to allege sufficient facts to maintain a LUTPA claim, because: (a) plaintiff has not alleged any egregious conduct; (b) plaintiff has not sufficiently alleged any trade dress rights in which plaintiff has a protected interest; and (c) plaintiff fails to allege defendant engaged in a pattern of calculated

misconduct. [Doc. 25-1, p. 2; Doc. 45, p. 8]

On September 25, 2015, the Magistrate Judge issued a Report and Recommendation, whereby she recommended that defendant's original motion to dismiss be denied as moot[1], and defendant's second motion to dismiss be denied, finding plaintiff's state law claim under LUTPA was not preempted by the Patent Act, and plaintiff had set forth sufficient factual allegations in its pleadings to state a plausible LUTPA claim. Defendant then filed the pending objection, urging the Court to decline to adopt the Report and Recommendation, on the following bases: (1) the Report and Recommendation does not address two of defendant's arguments that plaintiff's First Amended Complaint fails to allege sufficient facts to support a LUTPA claim, specifically, defendant's arguments that (a) plaintiff has not alleged any egregious conduct, and (b) plaintiff failed to sufficiently allege any trade dress rights; (2) the Report and Recommendation insufficiently addresses defendant's argument that plaintiff failed to allege "a pattern of calculated misconduct over a considerable period of time"; and (3) the Report and Recommendation "errs in finding that Plaintiff's LUTPA claim is not preempted by federal patent law." [Doc. 45, pp. 9-10)] Plaintiff has filed no response to defendant's objection.

## II. Standard of Review

When a pretrial matter that is dispositive of a claim is assigned to a magistrate judge without the parties' consent, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[1]Defendant lodges no objection to the Magistrate Judge's recommendation that defendant's original motion to dismiss [Doc. 13] be denied as moot.

magistrate judge with instructions. *Id.*

The Federal Rules of Civil Procedure authorize dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility; rather, plausibility simply requires a plaintiff to set forth sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly* at 556.

When considering a motion to dismiss, the court must accept as true all factual allegations set forth in the complaint. *Id.* at 555; *Iqbal* at 678. However, the same presumption does not extend to legal conclusions. *Iqbal* at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Twombly* at 555; *Iqbal* at 678. The complaint "need not pin plaintiff's claim for relief to a precise legal theory," as Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 1219, pp. 277-78 (3d ed. 2004 and Supp. 2010)). Finally, when considering a motion to dismiss, a district court generally must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*,

224 F.3d 496, 498 (5${}^{th}$ Cir. 2000).

### III. Analysis

The Court first addresses defendant's argument that plaintiff has failed to state a claim of unfair trade practices pursuant to LUTPA.

The Louisiana Unfair Trade Practices Act provides in pertinent part, "Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice . . . , may bring an action . . . to recover actual damages." La.R.S. § 51:1409(A). LUTPA does not specifically define what actions constitute unfair or deceptive trade practices, but rather, leaves "the determination of what is an 'unfair trade practice' to the courts to decide on a case-by-case basis." *Chemical Distributors, Inc. v. Exxon Corp.*, 1 F.3d 1478, 1485 (5${}^{th}$ Cir. 1993) (quoting *Marshall v. Citicorp Mortg., Inc.*, 601 So.2d 669, 670 (La.App. 1992)). Nevertheless, "[t]he courts have repeatedly held that, under this statute, the plaintiff must show the alleged conduct 'offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So.3d 1053, 1059 (La. 2010) (quoting *Moore v. Goodyear Tire & Rubber Company*, 364 So.2d 630, 633 (La.App. 1978)); *NOLA Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 553 (5${}^{th}$ Cir. 2015). "[T]he range of prohibited practices under LUTPA is extremely narrow." *Id.* "Fraud, misrepresentation, deception, and similar conduct is prohibited; mere negligence is not." *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5${}^{th}$ Cir.1993); *NOLA Spice Designs* at 553.

> LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions. The statute does not forbid a business to do what everyone knows a business must do:

make money. Businesses in Louisiana are still free to pursue profit, even at the expense of competitors, so long as the means used are not egregious.

*Turner* at 1422 (internal citations omitted).

Accordingly, in order to state a claim for a violation of LUTPA, plaintiff must allege: (1) it has suffered an ascertainable loss of money or moveable property; and (2) the loss must be "a result of the use or employment by another person of an unfair or deceptive method, act, or practice." La. R.S. § 51:1409(A); *see also Hurricane Fence Co., Inc. v. Jensen metal Products, Inc.*, 119 So.3d 683, 688 (La.App. 2013). In this matter, plaintiff alleges having a high pressure safety system "identical in overall appearance to plaintiff's product" at the same retail outlet at which plaintiff's unit is located (Gulfstream) has resulted in an ascertainable loss of money to plaintiff.[2] [Doc. 23, p. 4, ¶ 13; *see also* Doc. 33, pp. 22-23] The Court finds this allegation is sufficient to satisfy - at the pleading stage - the requirement that plaintiff allege it suffered an "ascertainable loss of money." With regard to the second requirement of LUTPA, the Court understands plaintiff's allegations as asserting the "unfair or deceptive method, act, or practice" committed by defendant is "employing an aesthetically identical safety system to trade upon the goodwill garnered by Total to cause confusion among Total's customers." [Doc. 23, p. 5] According to defendant, while plaintiff calls this an unfair trade practices claim, it actually is an "attempt[] to backdoor a purported trade dress infringement claim into the lawsuit. . . ."[3] [Doc. 45, p. 6]

---

[2] It is unclear to this Court whether plaintiff additionally alleges defendant's use of a high pressure safety system similar to plaintiff's system caused it to lose business to Halliburton. [Doc. 23, p.4, ¶ 13]

[3] "The 'trade dress' of a product is essentially its total image and overall appearance." *Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989). Trade dress "may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th

When evaluating a claim of unfair competition under LUTPA, where the alleged unfair act is trade dress infringement, a court is to apply the "likelihood of confusion standard used for the Lanham Act."[4] *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1350 (5th Cir. 1994); *see also Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1039 (5th Cir.1984) ("Likelihood of confusion is the essential ingredient for claims of unfair competition under both the Lanham Act and the Louisiana [unfair trade practices] statute"); *Sno-Wizard Mfg., Inc. v. Eisemann Products Co.*, 791 F.2d 423, 430 (5th Cir. 1986). When assessing "likelihood of confusion," courts look to a variety of factors, including but not limited to: "similarity of products, identity of retail outlets and purchasers, identity of advertising media, type (i.e., strength) of trademark or trade dress, defendant's intent, similarity of design, and actual confusion." *Sno-Wizard* at 428. "In addition, '[i]t is often appropriate to consider the degree of care exercised by purchasers: confusion is more likely, for example, if the products in question are 'impulse' items or are inexpensive.'" *Id.* (quoting *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 725 F.2d 336, 345, n. 9 (5th Cir. 1984)); *see also Blue Bell*, 864 F.2d at 1260. "Likelihood of confusion is a question of fact." *Blue Bell* at 1259.

As previously noted, in this matter plaintiff alleges the configuration of defendant's high pressure safety system "is very similar if not identical" to plaintiff's system, and defendant's system "is identical in overall appearance, having an indistinguishable swirled external surface appearance

---

Cir. 2010). "The purpose of trade dress protection . . . is to secure the owner of the trade dress the goodwill of his business and to protect the ability of consumers to distinguish among competing products." *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 355 (5th Cir. 2002) (internal citations, quotation marks, and alterations omitted);

[4]Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) "prohibits passing off goods or services as those of a competitor by employing substantially similar trade dress which is likely to confuse customers as to the sources of the product." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1350 (5th Cir. 1994); *see also Blue Bell* at 1256.

. . . and containing a duplicate configuration to that of the high pressure safety system of Total including explosion proof safety housing, pneumatics, bleed valves, means of attachments, and control panel." [Doc. 23, p. 4, ¶ 14] Plaintiff further alleges defendant's use of the allegedly infringing high pressure safety system is damaging plaintiff's reputation, causing plaintiff "to lose market share," and causing a likelihood of confusion among potential customers. [Id. at p. 5, ¶ 17] Thus, plaintiff has explicitly alleged "similarity of products" and "similarity of design." [Id. at p. 4, ¶ 14] Additionally, plaintiff has implicitly alleged "identity of retail outlets and purchasers."[5] [Id. at p. 4, ¶ 13] The Court finds these allegations are sufficient to satisfy - at the pleading stage - the requirement that plaintiff allege its loss was "a result of the use or employment by another person of an unfair or deceptive method, act, or practice." La. R.S. § 51:1409(A).

Defendant does not address "likelihood of confusion" in its memorandum in support of its motion to dismiss. Rather, defendant argues plaintiff has failed to state a claim under LUTPA, because plaintiff has not sufficiently pleaded that its trade dress would be entitled to protection under the Lanham Act. [Doc. 45, pp. 12-14] When assessing a claim of trade dress infringement under the Lanham Act, a court must first determine whether the trade dress is protected under the Act. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 813 (5th Cir. 1989). This inquiry "encompasses three issues: (1) distinctiveness, (2) secondary meaning, and (3) functionality." *Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989); *see also Allied Marketing Group* at 813. " If a court determines that the trade dress is protected–because it is non-functional and is either distinctive or has acquired secondary meaning, the court must then determine whether

---

[5]It appears, although not abundantly clear, plaintiff alleges both companies shared a retail outlet - Gulfstream - and purchasers who bought their equipment at Gulfstream. [Doc. 23, ¶ 13]

the trade dress has been infringed." *Allied Marketing Group* at 813. Infringement is evaluated using the "likelihood of confusion" standard, *supra*. *Id*.

In defendant's brief in support of its motion to dismiss, defendant addresses only the first portion of this test - *i.e.* that plaintiff has failed to set forth sufficient allegations to show its trade dress is entitled to protection under the Lanham Act, because plaintiff has failed to set forth sufficient allegations regarding distinctiveness, secondary meaning and functionality. However, defendant has failed to show such allegations are necessary to state a claim of unfair trade practices under LUTPA. As previously discussed, the binding jurisprudence in this circuit provides that when evaluating a claim of unfair competition under LUTPA, where the alleged unfair act is trade dress infringement, a court is to apply the "likelihood of confusion standard used for the Lanham Act." *Engineering Dynamics* at 1350; *see also Louisiana World Exposition* at 1039 ("Likelihood of confusion is the essential ingredient for claims of unfair competition under both the Lanham Act and the Louisiana [unfair trade practices] statute"); *Sno-Wizard Mfg.* at 430.[6] As previously noted, the Court finds plaintiff has set forth sufficient allegations in its complaint with regard to likelihood of confusion. While perhaps plaintiff will be required to satisfy the first portion of the Lanham Act test at trial to support its LUTPA claim, defendant has not persuaded the Court at this time such allegations must be pleaded to state a claim of unfair competition pursuant to LUTPA, even if the alleged unfair practice is trade dress infringement. Again, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "Specific facts

---

[6]The cases cited by defendant in support of its position that the first portion of the Lanham Act test must be pleaded to state a claim under LUTPA for trade dress infringement are non-binding cases that do not explicitly set forth any such requirement. [Doc. 45, p. 12]

are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted; alteration in original). The Court finds plaintiff's pleading gives defendant fair notice of its state law claim of unfair trade practices.

Defendant additionally argues plaintiff's LUTPA claim must be dismissed because "Plaintiff makes no allegations 'involving elements of fraud, misrepresentation, deception, or other unethical conduct' on the part of Streamline," [Doc. 45, p. 14 (quoting *Cheramie Services, Inc. v. Shell Deepwater Prod., Inc.*, 35 So.3d 1053, 1060 (La. 2010)] While it is true plaintiff has not used those specific terms, a fair reading of the allegations shows that such terms are implied. Plaintiff alleges defendant is using "an aesthetically identical safety system to trade upon the goodwill garnered by Total to cause confusion among Total's customers." [Doc. 23, p. 5, ¶ 17] The Court finds this allegation can fairly be read to satisfy any pleading requirement of "misrepresentation, deception, or other unethical conduct" on the part of Streamline. Moreover, as with defendant's argument regarding distinctiveness, secondary meaning and functionality, defendant has not shown such allegations are required to be set forth *at the pleading stage* in order to state a claim upon which relief can be granted pursuant to LUTPA. Again, in order to state a claim for a violation of LUTPA, a party must allege: (1) it has suffered an ascertainable loss of money or moveable property; and (2) the loss was "a result of the use or employment by another person of an unfair or deceptive method, act, or practice." La. R.S. § 51:1409(A); *see also Hurricane Fence* at 688. Plaintiff has set forth sufficient allegations to place defendant on notice of the foregoing elements of its claim. That is all that is required by Rule 8.

Finally, defendant argues plaintiff's claim is insufficiently pleaded, because plaintiff has failed to allege a pattern of misconduct by Streamline. [Doc. 45, p. 17] According to defendant, "Louisiana law is clear that '[a] single action is not sufficient to constitute a LUTPA violation.'" [Doc. 45, p. 17 (quoting *CheckPoint Fluidic Systems Intern., Ltd. v. Guccione*, 2011 WL 3268386, *10 (E.D.La.)] *CheckPoint* is an Eastern District of Louisiana case, which relied upon another Eastern District case for the foregoing statement of law, namely *Chemtreat Inc. v. Andel*, 2003 WL 22466235, *2 (E.D.La.). *Chemtreat* relied upon *National Oil Service of Louisiana, Inc. v. Brown*, 381 So.2d 1269, 1274 (La.App. 1980) for the foregoing statement of law. However, what the Louisiana appellate court actually stated in *National Oil* was the following:

> One could hardly imagine more unfair methods of competition than were used in this case. The key consideration in this case is not one of individual freedom, but rather is one of basic business honesty. Prior to termination, defendants attempted to divert plaintiff's business for their own benefit, removed equipment and records, stole collected oil, and left the business in complete disarray. At time of termination they left without notice and pirated experienced employees. And after termination, they made misrepresentations and untrue statements to customers of the former employer. While perhaps no single factor would alone be considered unfair competition, the evidence (viewed in a light most favorable to the prevailing party) established a course of calculated misconduct over a considerable period of time, and plaintiff should have been granted some preliminary injunctive relief in order to prevent defendants from profiting from their misdeeds (in addition to their reserved claim for damages).

The underlying case upon which defendant relies sets forth no general statement of law that "[a] single action is not sufficient to constitute a LUTPA violation." [Doc. 45, p. 17 (internal quotation marks omitted)] Accordingly, the Court finds defendant has failed to show the omission of such an allegation is fatal to plaintiff's claim.

As previously noted, defendant additionally argues plaintiff's LUTPA claim is preempted by federal law. However, this argument relies entirely upon defendant's success in having plaintiff's

LUTPA claim dismissed for failure to state a claim. [*See e.g.* Doc. 45, p. 18 ("Without any purported trade dress rights to form the basis for its LUTPA claim, the LUTPA claim is, by default, based solely on Plaintiff's allegations of patent infringement and is preempted. This is because the only actual, potentially actionable conduct is limited to conduct that is the exclusive province of the Patent Act.")] As the Court has found plaintiff has set forth sufficient factual allegations to support a claim for violation of the LUTPA - at this stage and juncture - defendant's objection arguing plaintiff's LUTPA claim is preempted is overruled.

### IV. Conclusion

In light of the foregoing, defendant's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED. Accordingly, defendant's motion to dismiss plaintiff's claim of unfair trade practices pursuant to LUTPA (as alleged in plaintiff's first amended complaint) [Doc. 25] is DENIED; defendant's motion to dismiss plaintiff's unfair trade practices pursuant to LUTPA (as alleged in plaintiff's original complaint) [Doc. 13] is DENIED AS MOOT.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _16_ day of December, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE